UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BRIAN STANLEY WITTMAN, #799434,

      Plaintiff,

vs.

ROSEMARY REAUME, L.S.S.W.,
R. DAVONPORT, M.S.L.L.P.,
RICK RAYMOND, M.A.L.L.P.,
(f/n/u) HAUSE, Psychiatrist,
CORIZON HEALTH, INC.,
DANIEL H. HEYNS, Director, and
TMOMAS R. COMBS, Chairperson,

      Defendants.
_____/

Case:2:14-cv-12954
Judge: Lawson, David M.
MJ: Whalen, R. Steven
Filed: 07-28-2014 At 10:07 AM
PRIS BRIAN WITTMAN V ROSEMARY REAUME
, ET AL (LG)

BRIAN STANLEY WITTMAN #799434
Plaintiff, Pro se
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811
(989) 584-3941
_____/

## 42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

    Plaintiff, Brain Stanley Wittman, proceeding Pro se and with the assistance of a ("jailhouse lawyer"), for his Complaint against defendants Rosemary Reaume, R. Davonport, Rick Raymond, (f/n/u) Hause, Corizon Health, Inc., Daniel H. Heyns, and Thomas R. Combs, alleges as follows:

### JURISDICTION AND VENUE

    1.   This Court has jurisdiction over this action under 28 U.S.C. §1342(3) and (4). The matter(s) in controversy arised under 42 U.S.C. §1983.

    2.   Venue properly lies in this District pursuant to 28 U.S.C. §1391(b)(2), because the events giving rise to this cause of action occurred at the Charles Egeler Reception and Guidance Center, County of Jackson, State of Michigan, which is located within the Eastern Disrtict, Southern Division.

## GENERAL ALLEGATIONS

3. Plaintiff Brian Stanely Wittman is and was, at all times relevant hereto, a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). At the time of the events relevant hereto, Plaintiff was incarcerated at the Charles Egeler Reception and Guidance Center ("quarantine"). Plaintiff is currently incarcerated at the Carson City Correctional Facility ("DRF").

4. Defendant Rosemary Reaume, L.S.S.W., was at all times relevant hereto, a social worker, employed and/or contracted by Corizon Health, Inc., (a.k.a. Prison Health Service) to provide mental health service to inmates at the Carson City Correctional Facility. She is sued in her individual and official capacities.

5. Defendant R. Davonport, M.S.L.L.P., was at all times relevant hereto, a license psychiatrist, employed and/or contracted by Corizon Health, Inc., (a.k.a. Prison Health Service) to provide mental health services to inmates at the Carson City Correctional Facility. He is sued in his individual and official capacities.

6. Defendant Rick Raymond, M.A.L.L.P., was at all times relevant hereto, a license psychiatrist, employed and/or contracted by Corizon Health, Inc., (a.k.a. Prison Health Service) to provide mental health services to inmates at the Carson City Correctional Facility. He is sued in his individual and official capacities.

7. Defendant (f/n/u) Hause was at all times relevant hereto, a license psychiatrist, employed and/or contracted by Corizon Health, Inc., (a.k.a. Prison Health Service) to provide mental health services to inmates at the Carson City Correctional Facility. He is sued in his individual and official capacities.

8. Defendant Corizon Health, Inc., (a.k.a. Prison Health Service) was and is, at all times relevant hereto, contracted with the State of Michigan to provide mental health services to inmates at the Carson City Correctional Facility. Defendant is sued in his individual and official capacities.

9. Defendant Daniel H. Heyns was at all times relevant hereto, the Director of the Michigan Department of Corrections. In his capacity of Director, he is

responsible for implementing policy directives, operating procedures, and Director Office Memorandums ("DOMs") governing the delivery of mental health services to inmates of the Michigan Department of Corrections. He is sued in his official capacity.

10. Defendant Thomas R. Combs was at all times relevant hereto, the Chairperson of the Michigan Parole Board. In his capacity of Chairperson, he is responsible for the placement of prisoners into the Sex Offender Program. He is sued in his official capacity.

11. All the defendants have acted, and continue to act, under color of state law at all times relevant to this Complaint with Jury Demand.

## FACTUAL ALLEGATIONS

12. Plaintiff is a convicted sex offender. He was sentenced to a prison term of 4 years 9 months to 10 years. He was convicted on April 27, 2011.

13. Upon his arrival to Charles Egeler Reception and Guidance Center ("quarantine"), he was assessed for placement in the sex offender program by S. Sevilla, M.S.W., on May 4, 2011. S. Sevilla recommended Plaintiff for sex offender treatment.

14. Plaintiff arrived at the Carson City Correctional Facility on June 2, 2011. He was classified on June 23, 2011. He was recommended for sex offender assessment (referred). Plaintiff's earliest release date is July 3, 2015.

15. Plaintiff on July 11, 2012 kited mental health services at Carson City Correctional Facility and informed them that the Reception and Guidance Center ("quarantine") had recommended him for sex offender program, but he has not been evaluated for placement in the program. That according to Michigan Department of Corrections' Policy Directive 03.04.180 he was to receive a mental health evaluation within 14 days of the referral for mental health services. He had not been evaluated in accordance with policy directive.

16. On July 28, 2012 Plaintiff again kited mental health services informing them that his July 11, 2012 request for mental health services had not been responded to.

17. Plaintiff on August 27, 2012 filed an administrative grievance (DRF-2012-08-1974-12B) stating, "No response to kites sent to mental health services requesting an evaluation. It appears mental health is consistently being "willingly indifferent" to the needs of prisoners to the point of now they even ignore requests for evaluations!"

18. On August 29, 2012 Rosemary Reaume, L.S.S.W., responded to Plaintiff's grievance. She stated that "Inmate refused to sign off on the grievance today." Her response to the grievance states, "There is no record that MHS has received any kites regarding this matter. Inmate was told that psychological evaluations are done at the direction of the Parole Board. We have not yet received a request from the Parole Board as of today." R. Davonport, M.S.L.L.P., agreed with Rosemary Reaume's response to Plaintiff's grievance.

19. On October 1, 2012 Rick Raymond, M.A.L.L.P., responded to Plaintiff's grievance appeal stating, "You have been referred for sex offender assessment and you will be placed in group when you are eligible. All new SOP groups are arranged by Lansing Centeral Office. Mental Health Services will contact you concerning a start date."

20. On April 15, 2013 S. Laughbumn, RN, Bureau of Health Care Services in response to Plaintiff's third step grievance appeal stated, "All relevant information within the electronic medical records has been reviewed. The grievant should be advised that effective March 29, 2011 the MDOC began structural changes regarding the program criteria for SOP. Inmates will receive screening to determine a continued need for the programing and will be placed when determine appropriate by staff."

21. Plaintiff on April 20, 2014 kited mental health services, requesting psychological services to deal with issues that led to his incarceration. That

he believe he had a psychological problem that he wish to address with a psychologist/therapist.

22. Doctor Hause responded to Plaintiff's request to be seen by a therapist or psychologist. Doctor Hause advised Plaintiff that, "Based on your OTIS report, you will be referred for SOP where you will have opportunity to work on those issues." Doctor Hause did not meet with Plaintiff.

23. Plaintiff has made repeated attempts to obtain mental health treatment for his deviant sexual behavior. But the Bureau of Mental Health have not provided Plaintiff with treatment. But is relying upon the Michigan Parole Board (a non-mental health care provider), to make a determination as to whether Plaintiff will be provided mental health treatment.

24. That upon information and belief, Corizon Health, Inc., is responsible under its contract with the State, for providing mental health services to Plaintiff. Not the Michigan Parole Board.

25. Plaintiff's failed attempts to obtain mental health treatment to address his deviant sexual behavior. Have left him feeling frustrated, confused, and hopeless.

## CLAIMS FOR RELIEF

### COUNT ONE: FAILURE TO ADMINISTER ADEQUATE MENTAL HEALTH CARE

26. Plaintiff realleges and incorporates by reference his allegations in paragraph 1 through 25 as if fully restated herein.

27. Defendants Rosemary Reaume, Social Worker and R. Davonport, Psychiatrist exercised deliberate indifference to Plaintiff's mental health needs by failing to provide him adequate mental health treatment, after learning that Plaintiff was a convicted sex offender; had been assessed for sex offender programming. Sex offender treatment is indispensable for the rehabilitation of the sex offender and the protection of society.

28. As a direct result of Defendants Rosemary Reaume's and R. Davonport's deliberate indifference to Plaintiff's serious mental health needs, he has been

- 5 -

and continue to be, denied sex offender treatment.

**COUNT TWO: FAILURE TO ADMINISTER ADEQUATE MENTAL HEALTH CARE**

29. Plaintiff realleges and incorporates by reference his allegations in paragraph 1 through 28 as if fully restated herein.

30. Defendants Rosemary Reaume, Social Worker and R. Davonport, Psychiatrist have exercised deliberate indifference to Plaintiff's mental health needs; by relying solely upon the Michigan Parole Board (a non-mental health treatment provider), to make psychological diagnose as to whether Plaintiff will receive mental health treatmetn for his deviant sexual behavior.

31. As a direct result of defendants Rosemary Reaume's and R. Davonport's deliberate indifference to Plaintiff's serious mental health needs, he has been and continue to be, denied sex offender treatment.

**COUNT THREE: FAILURE TO ADMINISTER ADEQUATE MENTAL HEALTH CARE**

32. Plaintiff realleges and incorporates by reference his allegations in paragraph 1 through 31 as if fully restated herein.

33. Defendants Rick Raymond, Psychiatrist and (f/n/u) Hause, Psychiatrist have exercised deliberate indifference to Plaintiff's mental health needs; by relying solely upon the Michigan Parole Board (a non-mental health treatment provider), to make a psychological diagnose as to whether Plaintiff will receive mental health treatment for his deviant sexual behavior.

34. As a direct result of defendants Rick Raymond's and Doctor Hause's deliberate indifference to Plaintiff's serious mental health needs, he has been and continue to be, denied sex offender treatment.

**COUNT FOUR: VIOLATION OF THE EIGHTH AMENDMENT**

35. Plaintiff realleges and incorporates by reference his allegations in paragraph 1 through 34 as if fully restated herein.

36. Defendant Corizon Health, Inc., (a.k.a. Prison Health Service) exercised deliberate indifference to Plaintiff's mental health needs; by having an unconstitutional custom, policy and/or practice of allowing the Michigan Parole

(a non-mental health treatment provider), to make a psychological diagnose as to which inmate under the jurisdiction of Michigan Department of Corrections, who has been convicted of a sex offense, will receive sex offender treatment. That defendant's unconstitutional custom, policy and/or practice are based solely upon profitability concerns whether than the mental health needs of inmates.

37. As a direct result of Defendant Corizon Health, Inc.'s deliberate indifference to Plaintiff's serious mental health needs, resulting from defendant's unconstitutional custom, policy and/or practice, Plaintiff has been and continue to be, denied sex offender treatment.

## COUNT FIVE: VIOLATION OF THE EIGHTH AMENDMENT

38. Plaintiff realleges and incorporates by reference his allegations in paragraph 1 through 37 as if fully restated herein.

39. Defendant Daniel H. Heyns, Director exercised deliberate indifference to Plaintiff's mental health needs; by implementing unconstitutional policy directives and operating procedures which gives the Michigan Parole Board (a non-mental health treatment provider) the authority to make psychological decisions as to whether a convicted sex offender will be allowed treatment for his deviant sexual behavior, when the treatment will be obtain, and the duration of the treatment. Instead, if allowing qualified mental health care professionals to make such determinations.

40. As a direct result of Defendant Daniel H. Heyns' deliberate indifference to Plaintiff's serious mental health needs; by the implementation of unconstitutional policy directives and operating procedures governing the deliver of mental health treatment, Plaintiff has been and continue to be, denied sex offender treatment.

## COUNT SIX: VIOLATION OF THE EIGHTH AMENDMENT

41. Plaintiff realleges and incorporates by reference his allegations in paragraph 1 through 40 as if fully restated herein.

42. Defendant Thomas R. Combs, Chairperson exercised deliberate indifference to Plaintiff's mental health needs; by making psychological decisions, that

defendant is not license to make, as to which convicted sex offender will be provided sex offender treatment, when the treatment will be obtained, and the duration of the treatment.

43. As a direct result of Defendant Thomas R. Combs' deliberate indifference to Plaintiff's serious mental health needs, by making psychological decision that he not authorized by law to make, Plaintiff has been and continues to be, denied sex offender treatment.

44. The actions of each defendant named herein, jointly and severally, constitutes a violation of Plaintiff's rights secured by the Eighth Amendment to the United States Constitution.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Brian Stanley Wittman, respectfully requests that this Honorable Court grant him the following relief:

A. Issue a declaratory judgment stating that:

1. The Michigan Department of Corrections' Policy Directives and Operating Procedures implemented by the defendant Daniel H. Heyns, allowing the Michigan Parole Board to make psychological determinations as to which convicted sex offender will receive sex offender treatment, violated Plaintiff's rights under the Eighth Amendment to the United States Constitution.

2. Defendant Thomas R. Combs' action in making psychological determinations as to which convicted sex offender will be provided sex offender treatment, violated Plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering the defendants or their agents to:

1. Immediately arrange for the Plaintiff to receive sex offender treatment by a qualified psychiatrist.

C. Award compensatory damages in the following amounts:

1. $100,000 jointly and severally against defendants Rosemary Reaume, R. Davonport, Rick Raymond, (f/n/u) Hause resulting from their failure to provide adequate mental health care treatment to the Plaintiff.

2. $75, 000 against Defendant Corizon Health, Inc., resulting from its failure to provide adequate mental health care treatment to the Plaintiff.

D. Grant such other and further relief as it may appear that Plaintiff is

entitled, including costs and reasonable attorney fees.

I declare under the penalty of perjury that the foregoing is true and correct.

Respectfully Submitted;

*Brian Stanley Wittman*
Brian Stanley Wittman #799434
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811

Dated: 7/14/14

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BRIAN STANLEY WITTMAN, #799434,

    Plaintiff,

vs.

ROSEMARY REAUME, L.S.S.W.,
R. DAVONPORT, M.S.L.L.P.,
RICK RAYMOND, M.A.L.L.P.,
(f/n/u) HAUSE, Psychiatrist,
CORIZON HEALTH, INC.,
DANIEL H. HEYNS, Director, and
TMOMAS R. COMBS, Chairperson,

    Defendants.
_____/

Case No. _____

HON. _____

MAG. _____

BRIAN STANLEY WITTMAN #799434
Plaintiff, Pro se
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811
(989) 584-3941
_____/

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Brian Stanley Wittman, proceeding Pro se and with the assistance of a ("jailhouse laywer"), moves this Court for a Trial by Jury in the above entitled matter.

Respectfully Submitted;

Brian Stanley Wittman #799434
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811

Dated: 7/14/14

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BRIAN STANLEY WITTMAN, #799434,

    Plaintiff,

vs.

ROSEMARY REAUME, L.S.S.W.,
R. DAVONPORT, M.S.L.L.P.,
RICK RAYMOND, M.A.L.L.P.,
(f/n/u) HAUSE, Psychiatrist,
CORIZON HEALTH, INC.,
DANIEL H. HEYNS, Director, and
TMOMAS R. COMBS, Chairperson,

    Defendants.
_____/

Case No. _____

HON. _____

MAG. _____

BRIAN STANLEY WITTMAN #799434
Plaintiff, Pro se
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811
(989) 584-3941
_____/

## PREVIOUS LAWSUITS

    NOW COMES the Plaintiff, Brian Stanley Wittman, proceeding Pro se and with the assistance of a ("jailhouse lawyer"), and says as follows:

    1.    That I have not filed any other lawsuits in state or federal court relating to my imprisonment.

Respectfully Submitted;

*Brian Stanley Wittman*
Brian Stanley Wittman #799434
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811

Dated: 7/16/14

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

BRIAN STANLEY WITTMAN, #799434,

       Plaintiff,

vs.

ROSEMARY REAUME, L.S.S.W.,
R. DAVONPORT, M.S.L.L.P.,
RICK RAYMOND, M.A.L.L.P.,
(f/n/u) HAUSE, Psychiatrist,
CORIZON HEALTH, INC.,
DANIEL H. HEYNS, Director, and
TMOMAS R. COMBS, Chairperson,

       Defendants.
_____/

Case No. _____

HON. _____

MAG. _____

BRIAN STANLEY WITTMAN #799434
Plaintiff, Pro se
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811
(989) 584-3941
_____/

## DEFENDANTS' ADDRESS(ES)

Rosemary Reaume
Carson City Correctional Facility
Bureau of Mental Health
10274 Boyer Road
Carson City, Michigan 48811

Rick Raymond
Carson City Correctional Facility
Bureau of Mental Health
10274 Boyer Road
Carson City, Michigan 48811

Corizon Health, Inc.
Address unknown

Thomas R. Combs
206 East Michigan Street
P.O. Box 30003
Lansing, Michigan 48909

R. Davonport
Carson City Correctional Facility
Bureau of Mental Health
10274 Boyer Road
Carson City, Michigan 48811

(f/n/u) Hause
Carson City Correctional Facility
Bureau of Mental Health
10274 Boyer Road
Carson City, Michigan 48811

Daniel H. Heyns
206 East Michigan Street
P.O. box 30003
Lansing, Michigan 48909

Clerk of Court
United States Eastern DS
231 West Lafayette Blvd
Detroit, MI. 48226

RECEIVED
JUL 2 ? '14
CLERK'S OFFICE
DETROIT

RECEIVED
JUL 2 8 2014
CLERK'S OFFICE
DETROIT

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 14-12954 | Judge: David M. Lawson | Magistrate Judge: R. Steven Whalen |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner: <br> BRIAN STANLEY WITTMAN | Name of 1st Listed Defendant/Respondent: <br> ROSEMARY REAUME, ET AL |
|---|---|
| **Inmate Number:** 499434 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:** <br> Carson City Correctional Facility <br> 10522 Boyer Road <br> Carson City, MI 48811 <br> MONTCALM COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☒ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes   ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes   ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases